**LIANG QIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 08–0552–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

---

\* The official caption should be amended to identify the respondent as "Michael B. Muka- sey, Attorney General."

Peter L. Quan, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Liang Qiu, a native and citizen of the People's Republic of China, seeks review of a January 8, 2008, order of the BIA affirming the April 18, 2006, decision of Immigration Judge ("IJ") Alan L. Page, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Qiu*, No. A79 249 413 (B.I.A. Jan. 8, 2008), *aff'g* No. A79 249 413 (Immig. Ct. N.Y. City Apr. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Qiu failed to raise before the BIA any challenge to the IJ's denial of his CAT claim, we are without jurisdiction to consider any

challenge to the denial of that relief. *See* 8 U.S.C. § 1252(d)(1). We also lack jurisdiction to review the IJ's decision insofar as it found that Qiu's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3). However, we may review his challenge to the agency's denial of his application for withholding of removal.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

■ We find that the agency's adverse credibility determination was supported by substantial evidence. For example, the IJ properly found implausible Qiu's testimony that Chinese authorities paid for his flight to the United States to punish him for exposing his employer's corrupt practices. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007) (finding that an implausibility finding is proper when it is "tethered to record evidence"); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir. 2007)(per curiam). Moreover, the IJ's adverse credibility determination was properly based on inconsistencies within Qiu's testimony and between that testimony and his asylum application. In particular, the IJ found it disturbing that, at one hearing, Qiu stated that he had no copies of the complaints he had submitted to the Chinese government, but then, at the next hearing, had a copy of the complaint. Taken together, the IJ's implausibility and inconsistency findings provided substantial evidence for the agency's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or

lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the factfinder.") (citation and internal quotation marks omitted). Accordingly, the agency's denial of withholding of removal was not improper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and otherwise DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.